DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Emmett Jordan, appeals the August 29, 2007 judgment of the Maumee Municipal Court which, following a bench trial, convicted appellant of one count of R.C. 4511.21(D)(2). For the reasons that follow, we reverse the trial court's judgment. *Page 2 
 {¶ 2} On June 22, 2007, at approximately 9:00 p.m., appellant was driving westbound on the Ohio Turnpike when he was stopped by an Ohio State Highway Patrol Trooper and issued a citation for a violation of R.C. 4511.21(D)(2); specifically, driving 100 m.p.h. in a 65 m.p.h. zone. Appellant was arraigned and entered a plea of not guilty.
 {¶ 3} On August 29, 2007, the matter proceeded to a bench trial. Prior to the start of the trial, appellant's counsel moved to dismiss the matter based on an alleged discovery violation. Apparently the state, in its discovery response, incorrectly identified one of the two troopers involved in the stop of appellant's vehicle. Trooper Eric Stroud, the complaining officer and the officer who clocked appellant's speed at 100 m.p.h., was properly listed and subpoenaed. Trooper Josh Baldwin, the officer who initially stopped appellant, was misidentified as Trooper Alexander. Trooper Alexander was subpoenaed for trial. Appellant's counsel argued that appellant's constitutional right to confront his accusers had been violated. The state argued that it was an evidence matter, but suggested that a continuance was possible. The court did not acknowledge the possibility of a continuance and the motion to dismiss was overruled. The case then proceeded to trial and appellant was convicted of speeding. This appeal followed.
 {¶ 4} Appellant now raises the following assignments of error for our consideration:
 {¶ 5} "Assignment of Error No. 1:
 {¶ 6} "The trial court erred when it overruled the defendant's motion to dismiss and or did not continue the trial when defendant became aware that the prosecutor had *Page 3 
listed the wrong state trooper in his witness list, a violation of Crim.R. 16(B)(1)(e), and consequently the defendant's Sixth Amendment right to confront witnesses and Due Process rights were violated by the trooper's absence at trial and the prosecutor's mistake.
 {¶ 7} "Assignment of Error No. 2:
 {¶ 8} "The judgment was against the manifest weight of the evidence."
 {¶ 9} Appellant, in his first assignment of error, argues that the trial court erred when it denied appellant's motion to dismiss or, alternatively, when the court failed to grant a continuance due to the state's error in listing and issuing a subpoena for the wrong officer. Appellant contends that his constitutional due process and confrontation rights were violated, in contravention of Crim.R. 16(B)(1)(e).
 {¶ 10} Crim.R. 16(B)(1)(e) provides:
 {¶ 11} "(B) Disclosure of evidence by the prosecuting attorney
 {¶ 12} "(1) Information subject to disclosure.
 {¶ 13} "* * *.
 {¶ 14} "(e) Witness names and addresses; record. Upon motion of the defendant, the court shall order the prosecuting attorney to furnish to the defendant a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial, together with any record of prior felony convictions of any such witness, which record is within the knowledge of the prosecuting attorney. * * *. Where a motion for discovery of the names and addresses of witnesses has been made by a defendant, the prosecuting attorney may move the court to perpetuate the testimony of such witnesses in *Page 4 
a hearing before the court, in which hearing the defendant shall have the right of cross-examination. A record of the witness' testimony shall be made and shall be admissible at trial as part of the state's case in chief, in the event the witness has become unavailable through no fault of the state."
 {¶ 15} Further, Crim.R. 16(E)(3) provides:
 {¶ 16} "(E) Regulation of discovery
 {¶ 17} "* * *.
 {¶ 18} "(3) Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
 {¶ 19} Upon review, we cannot say that the trial court abused its discretion when it denied appellant's motion to dismiss; while sloppy, there is nothing in the record to suggest that the state's error was intentional or made in bad faith. See State v. Heinish (1990),50 Ohio St.3d 231. However, appellant has demonstrated potential prejudice by the state's failure to list and subpoena the correct trooper. Trooper Stroud, the officer that visually observed appellant, clocked him at a speed to 100 m.p.h., and issued the citation was properly disclosed and appeared at trial. However, according to the testimony presented at trial Trooper Baldwin, who was two miles ahead of the white vehicle, was *Page 5 
radioed by Stroud and paced behind the white vehicle before initiating the traffic stop. Trooper Stroud admitted that he lost sight of the vehicle. Appellant contends that he was denied the right to cross-examine Trooper Baldwin as to whether he observed appellant speeding and what, if any, statements were made to him immediately following the stop. Based on the foregoing, we find that the trial court abused its discretion when it failed to grant a continuance. Accordingly, we find that appellant's first assignment of error is well-taken.
 {¶ 20} In appellant's second assignment of error, he argues that his conviction was against the manifest weight of the evidence. Based on our disposition of appellant's first assignment of error, we find that the assignment of error is moot.
 {¶ 21} On consideration whereof, we find that appellant was prejudiced or prevented from having a fair proceeding and the judgment of the Maumee Municipal Court is reversed and the matter is remanded for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT REVERSED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., and Arlene Singer, J. CONCUR. *Page 1